SARTIN and ROGERS *versus* WEIR & CO.

1. Under the attachment laws of 1807 and 1812,* *scire facias* is the proper remedy on the bond for the replevy of property attached.
2. In a proceeding by *scire facias*, on a replevy bond in attachment, a discontinuance may be entered against the obligors, not served with process; and judgment had against the rest.
3. A plea to a suit on a replevy bond, given in attachment, that the property attached and replevied, did not belong to the defendant in attachment, but to a stranger, who seized it; is bad, on demurrer.-
4. Amendments to proceedings by *scire facias*, issued on the replevy bond in attachment, may be legally made, by reference to the bond, and to the judgment of record.
5. Where it appears, that a plea of *non est factum* has been filed to a *scire facias*, in reference to a defect in the description of the bond, sued on, which defect is, afterwards, amended; it is no error, to disregard such plea, and enter judgment, for want of plea.
6. A replevy bond, taken under the attachment laws of this State, assimilates, in its nature, to a bail bond, and the officer who takes it should be the obligee therein.
7. A replevy bond in attachment, must be assigned, by indorsement, to the plaintiff in attachment, as required in cases of bail bonds, before such plaintiff can maintain an action thereon, in his own name.

In error, from the County court of Tuskaloosa.

This was a proceeding by *scire facias*, on a replevy bond, taken in attachment, and conditioned for the return of the property attached.

The attachment was sued out, by the defendants in error, against the estate of one Littleton Busby,

---

* The attachment laws now in force contain substantially the provisions of the acts of 1807 and '12, or are only re-enactments of those statutes; and, the decision of this case is applicable to the laws now existing.—See Aikin's Digest, page 37.

an absconding debtor, as was alleged; and was replevied by Christian Busby, who gave bond to the sheriff, as required by the statute, with the plaintiffs in error, as sureties. After judgment against the defendant in attachment, and *fi. fa.* returned *nulla bona,* a *scire facias* was issued against the obligors in the bond; which, not having been served on the principal, was discontinued, as to her, and judgment prayed, against the sureties.

The defendants below, filed a plea of *non est factum,* which was intended to refer to a defective description, in the *scire facias,* of the bond; and issue was joined. The court after issue, permitted an amendment of the *scire facias;* and, subsequently, rendered judgment in favor of the plaintiffs in the attachment.

The proceeding by *scire facias,* as appeared of record, had been instituted in the name of the plaintiffs below; but the bond was made payable to the sheriff, and contained no assignment to the plaintiffs.

It further appeared, that the defendants had plead, specially, that the property attached, was not of the estate of Littleton Busby, but, of another, who had taken the same, into his custody.

The court below, sustained a demurrer to these pleas—which, with other assignments not decided on, brought the case, on error, into this court.

*Ellis,* for plaintiff—*Stewart, contra.*

TAYLOR, J.—From the record, it appears, that the defendants in error, had sued out a writ of attachment, against Littleton Busby, which was levied on

some corn, and other property; that the property was afterwards replevied by one Christian Busby, who gave bond to the sheriff, with the plaintiffs, as securities, conditioned, that the said property should be produced, when required, ready to satisfy such judgment as might be rendered, and should be held, ready, to abide such order as might be made concerning the same, by the court: or, in failure thereof, the said Christian Busby, should pay and satisfy such judgment as might be rendered against the said Busby in said attachment," &c.

The suit was prosecuted to judgment against Littleton Busby; and the *scire facias*, in this case, has been sued out, against the obligor, in the replevy bond: and, not having been executed on Christian Busby, the suit has been discontinued, as to her, and prosecuted to judgment, against the plaintiffs in error.

Various objections have been made, to the proceedings below, all of which, it is not necessary to consider; but, such will be noticed, as are deemed important, in settling the practice, on such points as have been taken.

The first objection, taken to the proceedings, is, that the suit, on the replevy bond, could not be commenced by *scire facias*.

The fourteenth section of the act of 1807, entitled, "an act, directing the method of proceeding, in courts of common law and equity, against absconding debtors, and other absent defendants,"[a] provides, "that it shall be lawful, for any person, against whose estate any attachment hath issued, as aforesaid, his, or her attorney, agent, or factor, at any time, before final judgment entered, or writ of inqui-

[a] Toul.Dig. 11

SARTIN and ROGERS *vs.* WEIR & CO.

ry executed, upon giving special bail, to replevy the estate, so attached, and plead to issue," &c.

From this, it appears, that the process of attachment, was intended, by that act, to have the same effect, with a *capias ad respondendum*, upon which bail is required—that is, to bring the defendant into court, to answer the complaint; and, to secure the satisfaction of the judgment, which might be recovered, either by the sale of the goods, or imprisonment of the body of the defendant.

It is necessary, then, to ascertain, what course of proceeding is authorised against special bail, by our laws. All bail, taken upon the service of the original process, in a suit, in this State, is special bail: this is expressly declared, by act of assembly. In England, the mode of proceeding against special bail, is, by *scire facias*. There, appearance bail, is discharged by the defendant's giving special bail, which is done in court, by recognisance; and, as this recognisance is of record, a *scire facias* is, of course, the proper remedy, upon it.

It is probable, that the same remedy would have been recognised, upon a bail bond, in this State, without any particular provision upon the subject. However this may be, we are not left to give the remedy, by construction, as the statute is plain and explicit, on the subject.

The seventh section of the act of 1807, entitled, "an act, concerning bail, in civil cases,"[a] provides, "That all bail, taken according to the directions of this act, shall be deemed, held, and taken as special bail; and, as such, be liable to the recovery of the plaintiff. But the plaintiff shall not proceed against such bail, until execution hath been returned, that

[a] Toul. Dig. 30

that the defendant is not to be found in his proper county, when the plaintiff may proceed against such bail, as is usual to proceed against special bail in other cases.    And the bail shall have liberty at any time before the return of the first *scire facias* against them returned *scire feci,* or of the second returned *nihil,* to render his principal in discharge of the bail," &c.

It is evident that a *scire facias* would have been the proper remedy on a bond to replevy the property, given by the defendant to an attachment, under the act of 1807.

In 1818, an act was passed, entitled "an act for the better regulation of judicial proceedings," the tenth section of which is in the following words:

" Whenever the property of an absconding debtor shall be attached, it shall not be replevied, unless the security in the replevy bond shall undertake to return the specific property attached, or pay and satisfy such judgment as may be rendered against the defendant."

This act, it is contended, entirely changes the nature of the bond, takes it out of the operation of the statute concerning bail, and leaves the party to persue the common law remedy.  But why should it have this effect?   The bond is taken by the sheriff in the same way it was previously; the only difference is a change in the condition, putting the plaintiff in a more advantageous situation than the one he occupied before.    It was intended for the plaintiff's benefit, and it would be an incorrect construction to determine that an act having this object, required a more circuitous mode of proceeding than he was previously entitled to.

The defendants in error, therefore, might well proceed by *scire facias.*

It is next objected, that the discontinuance of the suit as to Christian Busby, operated a discontinuance of the whole action, as there is no statute authorising a discontinuance as to one of the parties to a suit commenced by *scire facias.*

The objection of the plaintiffs in error is understood to rest on this ground; that to authorise the proceedings by *scire facias,* the court must consider the bond upon which it is founded, a record, and that a plaintiff cannot discontinue as to one of the defendants, when a record is the foundation of the action.

The statute declares, in substance, "that when any suit is brought against two or more obligors, &c. to any bond, &c., and process shall not be executed upon one or more of such obligors, &c. the plaintiff may discontinue as to such as are not served with process, and proceed to judgment against the others."

This proceeding is certainly upon *a bond;* it is so styled in the act which authorises it to be taken; bail are required to enter into *bond;* and, because a new remedy is authorised, it cannot change the nature of the instrument, although that bond may have the character of a record.

The court, therefore, did right in discontinuing as to the defendant, upon whom service of process had not been perfected, and proceeding against the others.

It is next objected that there was error in sustaining the demurrer to the second and third pleas.

These pleas alleged that the property levied upon, did not belong to Littleton Busby, the defendant

to the attachment, but to a third person, who took it into his possession, by which means the plaintiffs were prevented from having it forthcoming to answer the judgment of the court.

The defence attempted to be set up in these pleas is surely not a good one. The plaintiffs are estoped by their bond, from contesting the right of the defendant in the attachment to the property. They had undertaken to have it forthcoming; it was their duty to comply with their obligation, and leave it to the plaintiff in the attachment and the claimant of the property to litigate their rights; not to take it out of the possession of the plaintiff to the attachment, and put it into that of an adverse claimant, and thus excuse themselves for a breach of their covenant.

The order permitting the amendment is next assigned as erroneous.

As respects the time at which an amendment may be permitted, it is a matter of discretion with the court, if it can authorise it at all. The time at which it was permitted, in this instance, therefore, cannot render the act illegal. But it is insisted there was nothing to amend by.

The sheriff is required to return the bail bond, (to which replevy bonds, we have seen, are assimilated,) into the office of the clerk of the court, with the writ. It follows, that he is bound, to make return of the replevy bond—although, it may, sometimes be executed, after the writ of attachment has been returned.— He must make return of it, to the proper office, to be filed, with the papers in the case. The clerk, necessarily, has the bond before him, when he issues the *scire facias*, together with the judgment, and pro-

ceedings in the attachment. If he makes a mistake, in reciting any of them, the bond, &c. are there, by which to amend. This constituted no error.

It is, also, assigned, as error, that judgment was rendered, for want of a plea, when there was a plea filed, and undisposed of, upon which issue had been joined.

It appears, that the plea of *non est factum*, was filed, and an issue made up, thereon, subsequent to which, the court permitted that part of the *scire facias* which contained the description of the bond, to be amended, as to the date of the bond. This amendment was made after the jury was sworn, and the objection made to the bond, intended to be taken under the plea, which was the error, in the recital of the date.

The plea afforded no answer to the amended *scire facias*, although the plaintiffs in error might be willing to make affidavit to a plea of *non est factum*, to the bond, described in the original *scire facias*—yet, it is not to be presumed, they wished that affidavit to be applied to a bond, altogether different to the one, they had sworn was not executed by them. But, if they had been willing to do so, this is not a matter to be left to inference. It is a self-evident fact, that the affidavit was not made, in relation to the bond; described, in the amended *scire facias;* that the plea does not deny the execution of that bond, by the defendants—and, therefore, is no answer to the action. Therefore, the Circuit court did not err, in rendering judgment, for want of a plea.

The last objection which will be noticed, is that, there was no assignment of the replevy bond, to the defendants in error.

SARTIN and ROGERS *vs.* WEIR & CO.

It appears, that the bond was executed to the sheriff. The statute does not prescribe, to whom it shall be executed; but, as it is a substitute for the bail bond, and, to be governed by the same rules, which are applicable to that, it should be made payable, to the same person. There is, however, no direct provision, in this respect, in regard to the bail bond, itself; but, the inference is irresistable, that it is to be taken to the sheriff.

It is required, by the second section of the act of 1807, "concerning bail, in civil cases," that the sheriff shall take the bail bond, and return it, with the writ; and, the third section declares, "that all bail bonds, returned to any of the said courts, shall be assigned, by the sheriff, or other officer, returning the same, by indorsement thereon, in the form following, to wit: "I, A. B., sheriff of the county of ———, do hereby assign the within obligation and condition, to C. D. his executors and administrators, to be sued for, according to the statute, in such cases, made and provided." The indorsement must be made by the obligee, for it to vest in the assignee, the right to sue in his own name.

Under the construction, previously given to the laws, regulating replevy bonds, it results, that this provision, relative to bail bonds, is applicable to them; and, that it is the duty of the sheriff, to make the indorsement on them, which would vest the legal interest in the plaintiff in the attachment. Without such an assignment, it is evident, that the party interested, could not maintain a *scire facias,* on a bail bond—and it is equally so, that he cannot, on a replevy bond.

SARTIN and ROGERS *vs.* WEIR & CO.

It is said, it is hard to reverse the judgment, on this ground, when every thing would be effected, without the indorsement, that could be with it. This may be true—but the rules of law must be complied with. The defendant in error certainly had no legal right to the bond, without assignment: if the *scire facias* had been in the name of the sheriff, for the use of the defendant in error, it would have presented a different question.

It would be a hardship, to non-suit a plaintiff, or reverse his judgment, who had sued in his own name, upon an instrument, transferred to him, by delivery ; yet, it would have to be done : and, in this case, the same rule must prevail.

Because the legal interest in the bond is not vested in the defendant in error, the judgment must be reversed.